**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

In re Genis R. Timmerman,

Case No. 15-10135

Chapter 7

**ORDER REOPENING CASE AND GRANTING RELATED RELIEF**

Genis R. Timmerman (the "Debtor") filed her Motion to Reopen Case, Motion to Vacate Discharge to Allow Filing of Reaffirmation Agreement and Amendment [D.E. 10] (the "Motion").  The Debtor's counsel served the Motion on (i) the Debtor; (ii) the United States Trustee; and (iii) a former Assistant United States Attorney.  Apparently, no other service of the Motion was made.  The Court conducted a hearing on the Motion on September 17, 2015.  There were no objections or other responses to the Motion, and no party appeared in opposition to it.  The Debtor did not offer any evidence in support of the Motion, and did not request an evidentiary hearing.  Following the hearing on September 17, 2015, the Debtor submitted a supplemental memorandum of law.  *See* Memorandum Regarding Adding Unscheduled Creditors [D.E. 13].

Based on the Court's own independent review of the docket in this chapter 7 case, the Court finds that the Debtor commenced her chapter 7 case on March 12, 2015, that she received a discharge under 11 U.S.C. § 727 on June 10, 2015, and that her case was closed on June 15, 2015.  In the Motion, the Debtor alleges only that she "has discovered new debts that were incurred before the filing of her case and [that she] desires to add them to her petition."  *See*

Motion, at ¶ 4.  There are no allegations regarding the nature or extent of the "new debts," the holders of the claims, when they were discovered, or why they could not have been discovered through the exercise of reasonable diligence before the schedules were filed in the first instance.

The Debtor sought an order vacating her discharge for two purposes:  first, to allow her to file a reaffirmation agreement and second, to allow her to amend her "petition."  The Motion cites section 350(b) of the Bankruptcy Code, but no other authority for the relief sought.  The first question is whether the Court should reopen the Debtor's case under section 350(b).  The second is whether the Debtor's discharge should be vacated.[1]

As to the first question, the Court will reopen the Debtor's case.  Section 350(b) provides that "[a] case may be reopened . . . to administer assets, to accord relief to the debtor, and for other cause."  11 U.S.C. § 350(b).  There is no controlling authority on the standard to be applied when evaluating a request under section 350(b).  There is, however, controlling authority establishing that an unscheduled debt is not discharged in a no-asset case.  See Colonial Surety Co. v. Weizman, 564 F.3d 526 (1st Cir. 2006).  In Colonial Surety, the First Circuit addressed the dischargeability of debts under 11 U.S.C. § 523(a)(3), which governs debts that are neither listed nor scheduled under 11 U.S.C. § 521(a)(1).  The Court observed that a creditor is entitled to notice in a bankruptcy case, even one identified as a "no asset case," so that the creditor could take action to protect itself.  See Colonial Surety, 564 F.3d at 532.  The Court identified, as

---

[1] At the hearing on September 17, 2015, the Debtor's counsel withdrew the request to vacate the discharge to allow the filing of a reaffirmation agreement.  Further, as a result of the other provisions of this Order, the Court is not required to consider the Debtor's request to vacate her discharge to amend her schedules to add omitted creditors.  As a result, the Court will not consider the request to vacate the discharge order.  The Court is, however, skeptical about the practice of vacating an order granting a discharge to permit a debtor to enter into an enforceable reaffirmation agreement.  Whether there are legal grounds for granting a debtor's request for that relief is questionable, see Fed. R. Bankr. P. 9024 (making Fed. R. Civ. P. 60 generally applicable in bankruptcy cases); 11 U.S.C. §§ 727(d), (e) (allowing a trustee, a creditor, or the United States Trustee to seek to revoke a discharge in certain circumstances), but sound bankruptcy policy places a high premium on accuracy and completeness, as well as adherence to the timelines set forth in the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, from the inception of the case.

examples, finding assets that belong to the estate or establishing that a debt was not subject to discharge as a result of fraud.  See id.

Failing to schedule a debt in the first instance, the Court concluded, did not necessarily leave the debtor saddled with a nondischargeable debt.  See Colonial Surety, 564 F.3d at 532. Instead, the debtor could seek to reopen her case "to list a debt where the failure to give notice was innocent and can be shown to have caused no harm[.]"  Id.  Similarly, the Court explained that:

> a debtor who moves to reopen to list a debt long after discharge surely must show that the omission was innocent and, even so, can probably be countered by anything that makes it inequitable to grant such relief.

Id.

In this case, the Court is willing to infer that the Debtor's failure to schedule certain debts was innocent based entirely on the fact that the Motion was filed just over two months after the case was closed, and less than six months after the case was commenced.[2]  The timing of a motion to reopen will not always, in and of itself, determine whether a failure to schedule debts was innocent.  But, in this case, the Court is willing to make that inference based on the timing of the Motion and because of the safeguards contained in this Order.

---

[2] The Motion should have included factual allegations that, if proven, would have entitled the Debtor to the relief she seeks.  It did not. There was no attempt to meet the applicable legal standard with factual allegations.  Even in a system of notice pleading, a party seeking relief from the Court is required to alert the Court to the facts justifying the grant of relief.  Had the Motion contained sufficient factual allegations and had it been properly served on all of the creditors (or at least the affected creditors whose claims were not scheduled in the first instance), the lack of any objection or response may have permitted the Court to treat the factual allegations as established facts for purposes of the Motion.  Alternatively, the Motion could have been accompanied by an affidavit setting forth the facts material to the relief sought.  In either instance, there would have been a better record for the Court's determination of the Motion.

3

As to the second part of the <u>Colonial Surety</u> standard, the Court will endeavor to prevent unfairness to the affected creditors by giving them the opportunities that they would have had if they had been properly scheduled in the first instance.[3]

Based on the foregoing, it is hereby ORDERED that:

1. The Motion is granted on the terms set forth in this Order. Subject to the other provisions of this Order, the Debtor's case is reopened pursuant to 11 U.S.C. § 350(b) and Fed. R. Bankr. P. 5010, effective as of the date of this Order.

2. The Debtor shall file amendments to her schedules within seven (7) days after the date of this Order. The holders of new debts added to the amended schedules are referred to as the "Affected Creditors" in this Order. If the Debtor fails to file amended schedules in a timely manner, then the Debtor's case will be closed promptly after the expiration of the 7-day period and the provisions of Paragraph 3 below will become inoperative.

3. If the Debtor timely files amendments to her schedules in accordance with Paragraph 2 above, the following deadlines will be applicable in the reopened case:

   a. Any Affected Creditor seeking to conduct a Rule 2004 examination of the Debtor shall file a motion seeking authorization to conduct the examination, with such motion being filed on or before November 10, 2015;

   b. Any Affected Creditor may file a complaint pursuant to 11 U.S.C. § 523(c) and Fed. R. Bankr. P. 4007(c) on or before January 11, 2016. Failure to file such a complaint within the time specified will bar the Affected Creditor from asserting grounds of nondischargeability set forth

---

[3] The First Circuit's statements about the standard for reopening a case in <u>Colonial Surety</u> are dicta, as that case did not involve a request under section 350. The dicta is, however, instructive to this Court and it will be followed until there is contrary, controlling authority.

in 11 U.S.C. § 523(a)(2), (4), or (6) against the Debtor thereafter in either this Court or any other court; and

    c. Any Affected Creditor that seeks an order vacating the Debtor's discharge under Fed. R. Civ. P. 60 (made applicable by Fed. R. Bankr. P. 9024) shall file a motion seeking that relief on or before January 11, 2016. If any such motion is timely filed, the Court will consider the request as an objection to discharge under 11 U.S.C. § 727 and will apply the law regarding objections to discharge.

4. The addition of debts to the list of debts scheduled in this case does not by itself render the debt dischargeable or nondischargeable. *See* 11 U.S.C. §§ 523(a)(3), 523(c)(1), 524(a) and 727(b). It simply eliminates as a ground for nondischargeability any contention that the debt is nondischargeable solely because it was not listed in the original schedules.

5. The Court determines that the appointment of a trustee is not necessary to the protect the interests of the creditors or the Debtor, or to insure the efficient administration of the case. This determination is made without prejudice to any party's request for appointment of a trustee at a later date.

6. If no Affected Creditor takes timely action in accordance with the provisions of Paragraph 3, then this case will be closed promptly without further order of this Court. The deadlines in Paragraph 3 will be extended only by order of this Court, for good cause upon a motion filed prior to the expiration of the deadline.

7. The Debtor shall cause a copy of this Order to be served upon the Affected Creditors and the United States Trustee within three (3) business days after the filing of the

5

amended schedules, and shall file a certificate showing such service has been made and the same shall constitute due notice.

      8.      Any objections to the relief granted by this Order, including the reopening of the Debtor's case under section 350(b), shall be filed and served within twenty-eight (28) days after the date of this Order. If any objection is timely filed and served, the Motion will be set for hearing in the ordinary course, and will be determined by the Court as if this Order had not entered.

Date: October 5, 2015

                                            Michael A. Fagone
                                            United States Bankruptcy Judge
                                            District of Maine